UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH A. KEOUGH o/b/o JAMT,

                                            Plaintiff,                Case # 18-CV-1065-FPG

v.                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

Elizabeth A. Keough ("Plaintiff") brings this action on behalf of her minor son ("Claimant") pursuant to Title XVI of the Social Security Act seeking review of the denial of his application for Supplemental Security Income ("SSI").

Plaintiff protectively applied for SSI on June 24, 2014, alleging that Claimant had been disabled since January 1, 2012 due to attention deficit hyperactivity disorder ("ADHD"), a learning disability, and "no comprehension." Tr.[1] 150, 174, 183. After the Social Security Administration ("SSA") denied his application, Plaintiff and Claimant testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 19-38. On February 18, 2016, the ALJ issued an unfavorable decision. Tr. 39-59. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 15. For the following reasons, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

**LEGAL STANDARD**

**I.      District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Child Disability Standard**

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of impairments that is "severe," meaning that it causes "more than minimal functional limitations." *Id.* § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is not disabled.  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.924(d). If the child's impairment meets or medically or functionally equals the criteria of the Listings, he or she is disabled.

To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ assesses the child's functioning in six domains: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-Being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the listings, the child's impairment(s) must cause "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a marked limitation in a domain when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an extreme limitation in a domain when his or her impairment(s) "interferes very seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Claimant's benefits application under the process described above. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since the application date. Tr. 13. At step two, the ALJ assessed Claimant with the following severe impairments: ADHD, oppositional defiant disorder ("ODD"), and disruptive mood dysregulation

disorder ("DMDD"). Tr. 13. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal a Listings impairment. Tr. 13.

Next, the ALJ found that Claimant's impairments, alone or in combination, did not functionally equal a Listings impairment. Tr. 14-23. Specifically, as to the six domains of functioning, the ALJ found that Claimant had a marked limitation in Interacting and Relating with Others; a less than marked limitation in Acquiring and Using Information and Attending and Completing Tasks; and no limitations in Caring for Yourself, Health and Physical Well-Being, and Moving About and Manipulating Objects. Tr. 14-23. Accordingly, the ALJ determined that Claimant was not disabled. Tr. 23-24.

## II.   Analysis

Claimant argues that the Commissioner's decision should be reversed because the ALJ improperly weighed the evidence, which left his conclusions in the Acquiring and Using Information and Attending and Completing Tasks domains unsupported by substantial evidence. The Court disagrees.

In both domains, the evidence showed that Claimant had limitations. However, the evidence was mixed as to the severity of those limitations, and the Court finds that the ALJ properly resolved discrepancies in the evidence and arrived at conclusions supported by substantial evidence. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (noting that it is within the ALJ's discretion to sort through and resolve conflicts in the evidence).

### A.  Attending and Completing Tasks Domain

In the Attending and Completing Tasks domain, the evidence showed that Claimant was diagnosed with ADHD, and although medication helped somewhat, he could not tolerate several different medications because of side effects. Tr. 52, 539, 603. Throughout the years, Claimant's

teachers reported that he was frequently distracting, disruptive, and disrespectful.  Tr. 239, 283-87, 345-46, 358, 361, 497, 792.  He bullied others, used profanity, and talked back to teachers.  Tr. 347, 792.  He had trouble staying on task, needed frequent support and encouragement from teachers to complete assignments, and lacked motivation.  Tr. 239, 346, 497.

However, consultative examiner Janine Ippolito, M.D., reviewed Claimant's school records, including his individualized education plan ("IEP"), and performed a psychiatric evaluation.  Tr. 374.  She reported that Claimant exhibited good attention and concentration during cognitive testing.  Tr. 376.  She opined that Claimant was mildly impaired in his ability to maintain attention and concentration, but noted that this was due to nervousness and hesitancy to provide responses.  Tr. 376.  She indicated that Claimant presented as able to attend to, follow, and understand age-appropriate directions and complete age-appropriate tasks.  Tr. 377.  She concluded that Plaintiff's psychiatric problems were not significant enough to interfere with Plaintiff's ability to function on a daily basis.  Tr. 377, 383.

Additionally, one of Claimant's teachers, Jeffrey Bettinger, completed a teacher questionnaire regarding Claimant's abilities in the six domains.  In the Attending and Completing Tasks domain, Mr. Bettinger mostly indicated that Claimant had "no problem" or only "a slight problem" in various concentration-related tasks.  T270.  Specifically, he assessed "no problem" in paying attention when spoken to directly, sustaining attention during play/sport activities, refocusing to task when necessary, carrying out single and multi-step instructions, waiting to take turns, and changing from one activity to another without being disruptive.  Tr. 270.  He assessed only "a slight problem" with focusing long enough to finish assigned tasks, organizing school materials, completing work accurately without careless mistakes, working without distracting self, and working at a reasonable pace.  Tr. 270.  He did not assess an "obvious problem" in any field;

however, he noted that Claimant had a "serious problem" completing homework assignments. Tr. 270.

The ALJ considered all of this evidence and determined that Claimant had a less than marked limitation in the Attending and Completing Tasks domain. Claimant does not develop any arguments specifically attacking the ALJ's analysis of the evidence. Rather, his argument boils down to his belief that the evidence weighed more heavily in favor of a marked limitation in this domain. But "the question is not whether substantial evidence supports plaintiff's position, but whether it supported the ALJ's decision." *Anderson v. Colvin*, No. 1:14-CV-01038 (MAT), 2017 U.S. Dist. LEXIS 100308, at *6 (W.D.N.Y. June 28, 2017). Here, the Court finds that the evidence from Dr. Ippolito and Mr. Bettinger sufficiently supported the ALJ's decision. Accordingly, remand is not required on this basis. *See Cartagena v. Comm'r of Soc. Sec.*, No. 18-CV-245-FPG, 2019 U.S. Dist. LEXIS 168712, at *10-11 (W.D.N.Y. Sep. 27, 2019) ("[W]here substantial evidence supports the ALJ's decision, a court will not remand simply because the evidence also supports an alternate conclusion.").

### B. Acquiring and Using Information Domain

In the Acquiring and Using Information domain, there was evidence that Claimant was cognitively behind his peers. He was assessed at functioning below his grade level and had been held back a grade. Tr. 345, 357, 360, 390, 495. He was placed on an IEP and was noted to require significant teacher assistance to complete tasks. Tr. 239, 346. IQ tests and other cognitive tests indicated that he performed at the average or below average level. Tr. 345, 376, 382.

On the other hand, Dr. Ippolito noted that Claimant functioned within the average range cognitively, despite problems with poor effort and low motivation. Tr. 375. Upon mental status examination, she assessed Claimant as having average intellectual functioning with an appropriate

general fund of knowledge. Tr. 376. She concluded that Claimant could learn in accordance with his cognitive functioning and that Claimant's psychiatric problems were not significant enough to interfere with his ability to function on a daily basis. Tr. 377, 383.

In his teacher questionnaire, Mr. Bettinger also assessed Claimant's limitations in the Acquiring and Using Information domain. Mr. Bettinger assessed only "a slight problem" in comprehending oral instructions, understanding school and content vocabulary, reading and comprehending written material, and recalling and applying previous learned material. Tr. 269. He assessed "an obvious problem" in comprehending and doing math problems, understanding and participating in class discussions, providing oral explanations and adequate descriptions, expressing ideas in written form, learning new material and applying problem solving skills in class discussions. Tr. 269. Mr. Bettinger did not assess "a serious problem" in any area of acquiring and using information. Tr. 269. *See, e.g.*, *Rose v. Berryhill*, No. 18 Civ. 509 (LGS), 2019 U.S. Dist. LEXIS 100896, at *9 (S.D.N.Y. June 17, 2019) (finding that substantial evidence supported the ALJ's finding of a less than marked limitation where the teacher questionnaire noted an "obvious problem" in three of 13 categories and a "no problem" or "a slight problem in the remaining ten categories); *Graves v. Colvin*, No. 14 Civ. 0378, 2015 U.S. Dist. LEXIS 82457, *17 (N.D.N.Y. June 25, 2015) (finding substantial evidence supported that ALJ's finding of less than marked limitation when teacher questionnaire identified "an obvious problem" in one questionnaire category, "a very serious problem" in another two categories, but only a "slight" or "no problem" in the remaining categories).

While there is certainly evidence that Claimant was limited—perhaps even markedly so— in this domain, as noted above, that is not the relevant question. *See Anderson*, 2017 U.S. Dist. LEXIS 100308, at *6; *Cartagena*, 2019 U.S. Dist. LEXIS 168712, at *10-11; *Klett v. Barnhart*,

303 F. Supp. 2d 477, 485 (S.D.N.Y. 2004) ("[T]he issue for the Court to resolve is not whether [Claimant] presented evidence supporting his claim that he was disabled during the relevant period, but whether the record contained substantial evidence supporting the ALJ's determination that [Claimant] was not disabled at that time.  Where there is substantial evidence supporting either position, the Court must defer to the determination of the factfinder.").

Because the Court finds that substantial evidence supported the ALJ's finding of a less than marked limitation in this domain, remand is not required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 14, is DENIED, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is GRANTED, and Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 5, 2020
   Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

.